PEASE et al. v. RANDLE et al. (No. 5758.)

(Court of Civil Appeals of Texas. San Antonio. Jan. 10, 1917.)

1. HOMESTEAD ⬅108—EXEMPTION—OTHER SECURITY.

Where a debt against the homestead was secured by a lien thereon, and also by an assignment by the debtor of a judgment in his favor against a third person, the incumbrancer not only had the right to apply the judgment to the payment of his debt, but was required by law to do so at the debtor's request before he could have sale of the homestead by virtue of the vendor's lien, and his right to the judgment was superior to a right of set-off in favor of the judgment debtors accruing subsequent to the assignment.

[Ed. Note.—For other cases, see Homestead, Cent. Dig. § 167; Dec. Dig. ⬅108.]

2. JUDGMENT ⬅439 — SET-OFF AGAINST JUDGMENT—RIGHTS OF PARTIES.

Where a judgment is rendered for one person against another, who in turn has judgment over against others, and the judgment creditor assigns his judgment to secure a debt, if the ultimate judgment debtors desire to protect themselves against the principal judgment creditor, against whom they have claims, they should pay the amount of the judgment into court and pray for adjudication of rights of all parties.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 830–835; Dec. Dig. ⬅439.]

Appeal from District Court, Nueces County; W. B. Hopkins, Judge.

Action by Clark Pease and others against J. J. Randle and others. Decree for defendants, and complainants appeal. Affirmed.

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

MOURSUND, J. Clark Pease, S. Gugenheim, and H. Cohn on December 14, 1915, sued J. J. Randle and C. U. Yancey, alleging that on February 21, 1914, in cause No. 4308, styled J. J. Randle v. Adams & Garrett et al., in the district court of Nueces county, said Randle recovered a judgment against William Adams for $4,998.66, and interest from date at the rate of 6 per cent. per annum, and in said suit said Adams recovered over and against plaintiffs herein a judgment for said amount so recovered against him; that said judgment is unpaid and is owned by said Randle; that plaintiffs and said Adams are solvent and have property within the state subject to execution sufficient to satisfy said judgment; that, if Adams is forced to pay said judgment or it is collected by execution against him, he will be entitled to execution against plaintiffs and to have their property sold; that Randle is the owner of or has a beneficial interest in said judgment, subject only to an alleged conditional assignment to defendant Yancey, purporting to have been executed on June 4, 1914, upon the condition that if Randle shall pay $5,000, purporting to be evidenced by five vendor's lien notes dated December 23, 1911, due respectively three, four, five, six, and seven years after date, with interest at 8 per cent. per annum, said assignment to be null and void, reserving, however, 25 per cent. of said judgment in said assignment.

Plaintiffs further alleged the lien on the real estate amply secures the payment of said five notes, and that the assignment was made as a sham and subterfuge to place said judgment beyond the reach of creditors of Randle, and for the purpose of avoiding the payment of the debts and claims of plaintiffs against Randle; that Randle is insolvent; that plaintiffs have reason to believe and do believe, and therefore charge, that defendants are about to transfer and dispose of said judgment; that plaintiffs are the legal and equitable owners of a judgment for $809.70, bearing interest at the rate of 10 per cent. from August 19, 1913, rendered in county court of Calhoun county in favor of First National Bank of Port Lavaca against said Randle, and are the owners of a promissory note for $891.35 signed J. J. Randle and Mamie H. Randle, dated August 24, 1914, payable six months after date to McMurray Lumber Company, and two notes, one for $250, dated April 5, 1912, and the other for $219.35, dated March 8, 1912, each due on demand, payable to the order of First National Bank of Port Lavaca; that the indebtedness above described had been acquired by plaintiffs subsequent to the date of said judgment in favor of Randle; that Randle has failed and refused to pay said indebtedness; that plaintiffs are entitled to have the same set off against said judgment in favor of Randle; and that unless the court adjudges that this be done plaintiffs will lose their debt against Randle.

Plaintiffs further alleged that in cause No. 4902, styled City National Bank v. J. J. Randle and G. R. Scott, a writ of· garnishment was issued on November 7, 1914, and served upon plaintiffs and William Adams, alleging a judgment against Randle on which there was due $1,386.70, and commanding plaintiffs and said Adams to answer what they owe said Randle, and they are thereby restrained from paying the said judgment directly or indirectly, and unless execution is restrained plaintiffs will be subjected to the payment of the amount garnisheed in addition to the judgment rendered against them; that plaintiffs will suffer irreparable loss, or which they have no adequate remedy at law, unless an injunction is granted. Plaintiffs prayed for judgment for the amount of their notes, and that such amount and the judgment they hold against Randle be offset against Randle's judgment, and that pending a final hearing defendants be restrained from collecting or attempting to collect said judgment or causing execution to issue thereon and from transferring or disposing of the same.

The district judge in vacation granted the injunction as prayed for, except in so far as it may pertain to the 25 per cent. attorney's fees theretofore assigned by Randle to attorneys of record in cause No. 4308 in district court of Nueces county.

The defendants filed answers and motions to dissolve the temporary injunction. The motions to dissolve were granted in vacation, and the court in the order fully stated the facts as disclosed by the answers and the evidence in the following portion of the decree:

"It appearing to the court that on the 29th day of December, A. D. 1915, defendant J. J. Randle filed herein his answer under oath denying all the material allegations of plaintiffs' bill for the writ of injunction filed herein on the 14th day of December, 1915, and that thereafter, on the 29th day of December, A. D. 1915, said J. J. Randle filed his said motion to dissolve said injunction now heard by the court, that on January 4, A. D. 1916, defendant C. U. Yancey filed herein his answer, under oath, denying all the material allegations of plaintiffs' petition for the writ of injunction, and that thereafter on, to wit, January 4, A. D. 1916, said defendant C. U. Yancey filed his said motion to dissolve said injunction, now heard by the court, and it appearing from said answers, motions, and the evidence adduced before the court by defendants in support of said motions that on the 4th day of June, A. D. 1914, defendant J. J. Randle made, executed, and delivered to defendant C. U. Yancey an assignment in writing of the interest of said J. J. Randle in said judgment in said cause No. 4308, J. J. Randle v. Adams & Garrett et al., district court, Nueces county, Tex., less 25 per cent. attorney's fees, which said assignment was filed with the clerk of the district court of Nueces county, Tex., in said cause, on June 6, 1914, and noted on the docket of this court, and it further appearing that on the 14th day of January, A. D. 1916, there was filed in this cause an agreement in writing between the plaintiffs, Clark Pease, S. Gugenheim, and H. Cohn, by their attorney of record, and John A. Pope, H. R. Sutherland, and James M. Taylor, under and by the terms of which it was admitted that John A. Pope, H. R.

Sutherland, and James M. Taylor had a written contract with J. J. Randle conveying unto them a one-third interest in any amount that might be recovered by the plaintiff in cause No. 4308, J. J. Randle v. Adams & Garrett et al., aforesaid, and that the writ of injunction heretofore issued in this cause should be modified so as to exclude from the restraint of said injunction the said interest of the said John A. Pope, H. R. Sutherland and James M. Taylor, and that by an order of the court made and entered in said cause on the 14th day of January, A. D. 1916, said injunction was so modified in accordance with said agreement, and it further appearing that by an instrument in writing filed in this cause on the 6th day of January, A. D. 1916, it was agreed by and between C. U. Yancey, one of the defendants herein, J. J. Randle, one of the defendants herein, and Pope & Sutherland, as attorneys for the aforesaid owners of said one-third interest in said judgment, and Mrs. G. R. Scott and Lucile S. Pope, joined by her husband, W. E. Pope, that defendant C. U. Yancey has a valid assignment of said judgment in its entirety, amounting to $4,998.66, with interest at 6 per cent., less a one-third interest therein, which had been so previously assigned to said Pope & Sutherland, a firm composed of J. A. Pope and H. R. Sutherland, and that said C. U. Yancey is entitled to have paid to him all the balance of said money accruing from said judgment, according to said assignment, and that said Mrs. G. R. Scott and Lucile S. Pope, as representatives of the estate of G. R. Scott, deceased, have fixed a valid garnishment lien upon the remainder of said funds, if any, after the payment of the interest of the said C. U. Yancey, as fully appears from the copies of said agreement filed respectively in cause No. 4308, J. J. Randle v. Adams & Garrett et al., and in cause No. 5661, Clark Pease et al. v. J. J. Randle et al., and that said assignment of said judgment so made by said Randle to said Yancey was made in good faith and for a valuable consideration, and that same was executed and filed, as prescribed by law, before the acquisition of the claims and indebtedness by plaintiffs described in their petition herein and which they therein seek to set off against said judgment, and that Mrs. G. R. Scott and Lucile S. Pope, as representatives of the estate of G. R. Scott, deceased, sued out, and caused to be served, writs of garnishment against the defendants in said cause No. 4308, J. J. Randle v. Adams & Garrett et al., before the acquisition of said claims by plaintiffs, and that said assignment to said Yancey was made and the lien of said garnishment obtained long before the filing of the petition herein, and that the aggregate of the claims of said Yancey, John A. Pope, H. R. Sutherland, and James M. Taylor, and Mrs. G. R. Scott and Lucile S. Pope, is in excess of the total amount of said judgment, and that each and all of said claims are valid claims and liens, and it further appearing to the court that said assignment so made by said Randle to said Yancey was made upon the express condition that, if said J. J. Randle and wife, M. H. Randle, should pay to said Yancey five certain Vendor's Lien notes for the sum of $1,000 each, bearing 8 per cent. interest, all dated December 23, 1911, and due three, four, five, six, and seven years from said date, and secured by the vendor's lien on three and a fraction lots in the town of Port Lavaca, in Calhoun county, Tex., known as the Hotel La Vaca property, as fully shown by the deed of record in Book Y, pages 328 and 329, Deed Records of Calhoun County, Tex., then said assignment should become null and void, otherwise to remain in full force and effect, that said property was at the time of the execution of said assignment, continuously since has been, and is now the homestead of said J. J. Randle and wife, and has been continuously, and is now, used and occupied by them as such, and that none of said notes have been paid, and certain of said notes are due according to the face thereof, and all, by reason of failure to pay the notes maturing at maturity, according to the terms thereof, have been declared due, it is the opinion of the court that said motions to dissolve said temporary injunction should be granted."

Neither party has filed a brief, although the case has been on file in this court since May 18, 1916. Certain contentions were made by plaintiffs by way of exceptions to the motions to dissolve. We have considered these contentions, and find no merit therein.

[1] The debt against the homestead being secured by lien thereon, and also by the assignment of the judgment made prior to the acquisition by plaintiffs of any claims asserted by them, Yancey not only had the right to apply same to the payment of his debt, but was required by law to do so at the request of Randle or his wife before he could have any sale of the homestead by virtue of the vendor's lien thereon. Interstate Bldg. Ass'n v. Tabor, 21 Tex. Civ. App. 112, 51 S. W. 300. The assignment of the judgment by Randle to Yancey and acceptance thereof by Yancey gave Randle and his wife the right to have the proceeds of the judgment applied to the payment of their debt on their homestead, and their rights in the matter could not be affected by the acquisition of claims thereafter by plaintiffs herein.

[2] If plaintiffs desired to protect themselves in any rights they might have and to have the rights of the various parties determined in the judgment in favor of Randle, they should have paid the sum due on such judgment into court and prayed that the interests of all parties be adjudicated.

It is apparent, however, according to the findings of the court, that rights prior to those asserted by plaintiffs will require the application of all the funds which will be derived from the judgment in favor of Randle to the payment of claims other than those of plaintiffs.

The judgment is affirmed.

⊂=>For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes