## WALLING V. WILLIAMS AND OTHERS.

An amendment of the petition which merely corrects the description of a note sued on does not entitle the defendant to plead anew, as in the first instance. (Note 92.)

Issues of law should be offered before issues of fact. After an issue of fact has been made, the defendant cannot, by simply obtaining leave to amend, tender an issue of law; but if a defendant discover, after forming an issue of fact, that there was a legal defense which should have been interposed by making a timely application to the court for leave to withdraw the defense first made, and to interpose the defense at law, the court, on sufficient reason being shown, could grant the leave on such terms as should be thought just and proper.

Appeal from Nacogdoches. The appellant brought suit against the defendants as successive indorsers of a note given by one Allison. The plaintiff alleged that he had sued the maker on the note, and that on the plea that he had never made it, the defendant had judgment in his favor before a justice of the peace. The suit was brought to the April Term, 1842, of the court, At the same term to which the suit was brought, the defendants, each of them by different counsel, filed separate answers, denying all indebtedness. Two terms of the court seem to have passed without any entry. At the November Term, 1843, the cause was continued by the defendants. At the May Term, 1844, it was continued by consent. At the November Term of the same year it was continued, without stating by what party; from which time no order seems to have been taken until September Term, 1845, it was continued by the court, in consequence of the judge having formerly been counsel in the case. On the 10th of March, 1846, new counsel appeared for the defendants, and without any regard to the answers filed about five years before, on the permission of the court, filed a new defense in the nature of a general demurrer. At the September Term, 1847, the plaintiff amended by inserting the word "calves" after "cows" in the description of the note. This [428] seems to have been done without an application for leave and without objection. At the same term the plaintiff, by counsel, moved the court to strike out the demurrer filed by the defendants, which motion was overruled, and the plaintiff excepted. The defendants at the same term again filed a demurrer, alleging it to be an amended answer to the amended petition of the plaintiff. At the Fall Term, 1848, the demurrer was sustained by the court; from which plaintiff appealed.

*J. P. Henderson*, for appellant.

I. The court erred in overruling the plaintiff's motion to strike out the demurrer of the defendants. The demurrer came too late after the answer upon the merits.

II. The second ground of objection to the judgment of the court below is that the court erred in sustaining the defendants' demurrer. The ground upon which it was sustained was, that the plaintiff's petition shows that he did not sue the maker at the first or second term of the court. If the note sued on was not executed by Allison, but was in fact a forgery, as was shown by his plea in the suit against him before the magistrate, then it would seem that the plaintiff was not obliged to use due diligence to collect it from Allison; it not being a case where defendants were entitled to notice, even if the note had fallen due after the act of 1840. He was not bound to sue the pretended maker at all, but might, at any time within four years after the first transfer of said note, have sued the indorser by taking it upon himself to prove the note a forgery as far as Allison was concerned. The judgment of the magistrate's court is at least *prima facie* proof that the note is a forgery. If a forgery, then the defendants' rights could not be injured by any delay in proceeding against Allison, as the money could not have been collected off of him if suit had been commenced the day after the note was transferred to the plaintiff. In this point of view the defendants stand as drawers of a bill of exchange upon [429] a person in whose hands they had no funds and whom they had

## Walling v. Williams.

no right to expect to accept or pay. This is surely so, at least as far as the payee of the note, Williams, is concerned. The defendant and last indorser, Sparks, cannot complain because suit was not brought against Allison sooner than it was, as he knew that Allison had failed to pay the note when it became due, he having transferred it on the 8th of September after it fell due. (5 S. & M. 379; 17 Wend. R., 94.)

*Thomas J. Jennings*, for appellees. We deem the action of the court upon the motion to strike out not necessary to be revised, as the amended petition opened the pleadings and rendered the demurrer admissible, if that matter were otherwise doubtful; but we think a general demurrer at all times admissible against a plaintiff at least, as the same grounds would be available under a motion in arrest of judgment. The amendment of the petition, though necessary, does not cure the defect of diligence to charge the indorsers, and nothing but inspection of the pleadings is necessary to show that the demurrer was properly sustained.

LIPSCOMB, J. The amendment made by the plaintiff was trivial and unimportant and could not change or affect the answer filed by the defendants so long before, and afforded no pretense for opening the pleadings anew. Although the ends of justice allow great latitude to the discretion of the District Court in permitting amendments, yet we believe that to allow a new defense, setting up a defense in law, five years after an issue in fact had been formed, would be too great an irregularity in practice, and would be very often productive of much injustice and hardship, and ought not be permitted unless under very peculiar circumstances. In this case it is very clear that it would, if successful, impose much cost on the plaintiff that would have been avoided had the defense in law been first set up by the defendants. And further, had the defense in law been set up at first, it is not improbable that [430] the plaintiff could have amended his petition and averred and proved facts that would have excused him from the consequences of not having sooner sued the maker of the note. This is rendered more probable from the circumstances that the maker avoided the note, when sued on, by the plea of *non est factum.*

There is another irregularity presented in the record in this case that it is not improper to notice. The defendants, five years after forming an issue of fact, amend by presenting one of law. Now it is difficult to perceive in what way an issue of fact is amendable by an issue of law. They are distinct in their character, and the last, by our practice and that of all other courts, should be offered first in order of time. If the counsel should discover, after forming an issue of fact, that there was a legal defense that should have been interposed by making a timely application to the court for leave to withdraw the defense first made and to interpose the defense at law, the court, on sufficient reason being shown, could grant leave on such terms as should be thought just and proper; but it is never considered a matter of right. We believe the court erred in not striking out the plea last offered by the defendants, and for this error the judgment must be reversed and the cause remanded.

Judgment reversed.

NOTE 92.—On the subject of the amendment of petition setting up a new cause of action, see Turner *v.* Brown, 7 T., 489; Greenwood *v.* Anderson, 8 T., 225; Pridgen *v.* Strickland, 8 T., 427; Henderson *v.* Kissam, 8 T., 46; Bell *v.* McDonald, 9 T., 378; Tryon *v.* Butler, 9 T., 553; Williams *v.* Randon, 10 T., 74; Kenney *v.* Lee, 10 T., 155; Ward *v.* Lathrop, 11 T., 287; Pridgen *v.* McLean, 12 T., 120; Whitehead *v.* Herron, 15 T., 127; Chapman *v.* Sneed, 17 T., 428; Morrison *v.* Walker, 22 T., 18; Weatherford *v.* Van Alstyne, 22 T., 22; De Walt *v.* Snow, 25 T., 320; Thouvenin *v.* Lea, 26 T., 612; The Governor *v.* Burnett, 27 T., 32; Erskine *v.* Wilson, 27 T., 117; Usher *v.* Skidmore, 28 T., 616; Furlow *v.* Miller, 30 T., 28; Walker *v.* Howard, 34 T., 478; Koschurtz *v.* Healy, 36 T., 666; Littlefield *v.* Fry, 39 T., 299; Smith *v.* Anderson, 39 T., 496; Lewis *v.* Davidson, 39 T., 660; King *v.* Goodson, 42 T., 152; McIlhenny *v.* Lee, 43 T., 205.