NATIONAL GUARANTEE LOAN AND TRUST COMPANY v.
W. G. FLY, ADMINISTRATOR.

Decided June 12, 1902.

**1.—Decedent's Estates—Presentment of Claim to Administrator.**

The article of the statute requiring a claim against a decedent's estate to be first presented to the administrator for allowance, and if rejected by him to be sued on within ninety days, does not apply to a claim which is a contingent one, or for an uncertain amount, but only to claims the amount whereof is liquidated or susceptible of being reduced to a definite and specific sum. Rev. Stats., art. 2082.

**2.—Same—Adjustment of Liens.**

Where plaintiff's claim was upon a note the payment of which had been guaranteed by the decedent, and which was further secured by different liens executed by the maker and by the deceased guarantor which would have to be enforced and the equities of the parties adjusted, it was not necessary for the claim to be presented to the administrator of the deceased guarantor's estate, since the relief to which plaintiff was entitled was beyond the power of the county court to grant.

**3.—Same—Limitations of Ninety Days.**

The presentment of plaintiff's claim to the administrator having been unnecessary, his action in rejecting it was a nullity, and the statute of nonclaim because of failure to bring suit within ninety days from the rejection has no application.

Appeal from Victoria. Tried below before Hon. Jas. C. Wilson.

*Dabney & Lockett,* for appellant.

*Fly & Hill,* for appellee.

PLEASANTS, ASSOCIATE JUSTICE.—This suit was brought by appellant to recover upon a note for $750, executed by H. A. Weckter and wife, and to foreclose liens given to secure the payment of said note upon certain real and personal property described in the petition. The appellee, as administrator of the estate of Louis Jessel, deceased, was made a party defendant, the petition alleging that said Jessel had guaranteed the payment of said note, and praying that in event the property upon which the liens had been given should not sell for sufficient to satisfy the amount due upon said note, that plaintiff have judgment against the defendant administrator for any deficit. The petition alleged that the note properly verified as a claim against the estate of Jessel was presented to the administrator on the 26th day of June, 1901, and

said administrator on said date refused to allow same as a claim against the estate and indorsed his refusal upon said claim as required by statute. Plaintiff's original petition was filed on the 18th day of October, 1901. Appellee demurred to the petition on the ground that it was not filed in ninety days after the presentation to the administrator of the claim sued on and its rejection by him, and therefore plaintiff's suit against the administrator was barred. Appellee also by special plea raised the issue of limitation under the statute requiring suits to be brought upon a claim for money against the estate of a deceased person within ninety days after the rejection of such claim by the administrator. To this plea appellant excepted on the ground that the pleadings of both plaintiff and defendant show that the claim sued on was not such as was required by law to be presented to the administrator for allowance or rejection and to be sued on within ninety days after such rejection. Appellee's exception was sustained by the court below and the exception of appellant overruled. The only question presented for our determination is whether the trial court erred in holding that appellant's cause of action was barred because of its failure to sue within ninety days after the rejection of the claim by the administrator.

If the claim sued on was one which appellant was required to present to the administrator for allowance or rejection, the failure to sue thereon within ninety days after its rejection would, under the statute (Revised Statutes, article 2082), be a bar to the right to recover thereon, and it therefore becomes necessary for us to consider what character of claims are required by the statute to be presented to the administrator for allowance or rejection before suit can be brought thereon. The language of the statute is: "Every claim for money against a testator or intestate shall be presented," etc. That this language is not to be construed in the broadest and most unrestricted sense is, we think, evident from the other provisions of the statute directing that all claims allowed by an administrator must be accompanied by an affidavit in writing to the effect that the claim is just, and that all legal offsets, payments, and credits known to affiant have been allowed thereon. This provision of the statute clearly precludes the presentation of an uncertain or contingent claim, because no person can be required to swear that a claim for a stated amount is just when from the nature of the claim the amount is necessarily uncertain and contingent, and it was certainly not the intention of the Legislature to deny to holders of this character of claims the right to enforce same against the estate of a decedent. The object of this statute was to provide a prompt and inexpensive method for the settlement of claims against estates when the amount claimed is liquidated, or is susceptible at the time of presentation of being reduced to a definite and specific sum which the administrator would be justified in allowing, and it has no application to any other character of claims. That a contingent claim or one for an uncertain amount should not be presented to an administrator for allowance is well settled.

Garrett v. Gaines, 6 Texas, 441; Ferrell v. Mooney's Exrs., 33 Texas, 225; Blum v. Wellborn, 58 Texas, 160; Low v. Felton, 84 Texas, 384.

The next question to be determined is whether the liability of the deceased, Louis Jessel, under the contract upon which his estate is sought to be held liable in this suit was primary and direct or secondary and contingent. The contract by which it is alleged Jessel became a guarantor of the note was indorsed thereon and is set out in the petition as follows: "Victoria, Texas, March 27, 1899.—For value received I hereby guarantee to National Guarantee Loan and Trust Company the payment of the principal and interest of within note by H. A. Weckter and M. C. Weckter as same becomes due according to the legal tenor and effect of said note. And I hereby expressly waive diligence, notice, suit, or protest, if default shall be made in payment thereof. (Signed) Louis Jessel."

If this contract only warranted the solvency of the makers or the ultimate payment of the note Jessel's liability would be secondary and contingent, and in order to hold his estate liable therein the inadequacy of the securities and the insolvency of the makers would have to be first shown, and a claim against the estate of a decedent based upon a contract of this kind would not be a "claim for money" in the purview of the statute above quoted, and could not properly be presented to the administrator for allowance. But we do not think this contract can be construed as a mere collateral warranty of the solvency of Weckter. It is an absolute guarantee of the payment of the note according to its terms in event default be made by the makers. The undertaking is to pay directly if the makers default, and upon such default the liability of Jessel becomes absolute and primary. Such being our construction of the contract, it follows that the claim against Jessel's estate evidenced by such contract was liquidated and certain, and would ordinarily be required to be presented to the administrator for allowance or rejection before suit could be maintained thereon. The petition alleges and the evidence shows that the note sued on was secured by a mortgage executed by Weckter upon property owned by him and upon which Jessel held a prior lien which he, Jessel, had agreed should be subordinate to the lien of appellant, and was further secured by a lien given by Jessel upon other property owned by him, which lien was given by Jessel to secure the note and not to secure his guaranty of same. Appellant sought in this suit to enforce its several liens and to adjust the equities of all parties in the property covered by same, as well as to establish its claim against the estate of Jessel upon the contract of guaranty. It is clear that the relief to which appellant was entitled was beyond the power of the county court to grant, and such being the case we do not think it was necessary or proper for the claim against the estate of Jessel to have been presented to the administrator. Appellant was entitled to full relief, and he was not required to abandon any portion of his cause of action or to divide same and seek relief in the probate court on one portion and in the district court on another. Being compelled in order

to obtain full relief to sue the administrator in the district court regardless of whether the claim against the estate upon the guaranty had been allowed by the administrator, appellant was not required to present such claim for allowance. The presentation of the claim to the administrator having been unnecessary, his action thereon was a nullity and the statute of nonclaim has no application. Merle v. Andrews, 4 Texas, 214.

It follows that the court below erred in sustaining appellee's demurrer and the judgment must be reversed.

Upon another trial of the case judgment should be entered against Weckter and foreclosing the liens as in the judgment appealed from, and further decreeing that appellant have judgment against appellee upon the contract of guaranty, but that the property upon which the liens are foreclosed be first sold and the proceeds credited upon said judgment, and any deficit that may remain be certified by the clerk of the court below to the probate court to be paid in due course of administration.

*Reversed and remanded.*