STEWART et al. v. WEBB et al.

(Court of Civil Appeals of Texas. Amarillo. Dec. 26, 1912.)

1. EXECUTORS AND ADMINISTRATORS (§ 435*)— ACTIONS — VENDOR'S LIEN — ENFORCEMENT —JURISDICTION.

S. conveyed land, taking notes for the purchase price secured by a vendor's lien, and subsequently transferred the notes and lien to plaintiff, a third person also indorsing the notes for the security of plaintiff. By the foreclosure of a mortgage subsequent to the vendor's lien, S. later obtained title to the land, and thereafter died. *Held*, that an action on the notes and to foreclose the lien was properly brought in the district court, since it involved the adjustment of plaintiff's rights against the vendee and the surety on the notes, as well as against the administrators of S. and the rights of the administrators as against the vendee, which the probate court had no jurisdiction to adjust.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 1716–1725; Dec. Dig. § 435.*]

2. EXECUTORS AND ADMINISTRATORS (§ 431*)— CLAIMS—PRESENTATION—NECESSITY.

It was not necessary for plaintiff to present her claim against the estate to the administrators before bringing suit in the district court.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 764, 767, 819, 1664, 1679–1682; Dec. Dig. § 431.*]

3. EXECUTORS AND ADMINISTRATORS (§ 454*) — ACTION — LIEN — ENFORCEMENT OF JUDGMENT.

The district court having jurisdiction of the action could enforce its judgment by a sale of the property which was subject to the vendor's lien, instead of leaving its enforcement to the county court under the probate statutes.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 1909–1928; Dec. Dig. § 454.*]

4. EXECUTORS AND ADMINISTRATORS (§ 454*) — ACTION — LIEN — ENFORCEMENT OF JUDGMENT.

Any deficiency judgment against administrators should be enforced by the county court under the probate statutes, and not by an execution issued by the district court.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 1909–1928; Dec. Dig. § 454.*]

Appeal from District Court, Scurry County; Jno. B. Thomas, Judge.

Action by Mrs. M. J. Webb and others against Will A. Stewart, J. Y. Stewart, and others. From the judgment, the defendants named appeal. Reformed and affirmed.

M. E. Rosser, of Snyder, for appellants. Higgins, Hamilton & Taylor, of Snyder, for appellees.

HENDRICKS, J. On the 11th day of October, A. D. 1908, J. Y. Stewart, Sr., and wife, A. D. Stewart, conveyed to the defendant Elma Callis the W. ½ of section 61, in block No. 3, H. & T. C. Co. survey, situated in Scurry county, Tex., and upon said date the said Elma Callis, with her husband, executed and delivered to J. Y. Stewart, Sr., as a part of the consideration for the payment of the land, six vendor lien promissory notes for the sum of $400 each, the deed and notes expressly reserving the vendor's lien as security for the payment of the same; and thereafter, on April 7, 1910, Stewart indorsed in blank, and transferred to Mrs. M. J. Webb a feme sole, the notes; also transferring in writing the vendor's lien, and prior to said transfers John R. Smith also indorsed the notes in blank for a valuable consideration for the benefit of Mrs. Webb, and J. Y. Stewart, Sr., having died and administration having been made upon his estate, Mrs. Webb brought this suit against the administrators of his estate, and also against Elma Callis and husband, C. H. Callis, the makers of the notes, and J. R. Smith as indorser. After the institution of the suit, Mrs. Webb having died, her heirs were suggested as proper parties plaintiff to the suit, and by supplemental petition alleged the lack of necessity of any administration upon her estate; that no debts were owing by the same, which was sufficiently proven. Before the death of J. Y. Stewart this record discloses that the Callises, his vendees, mortgaged the same land to him as security for the payment of an indebtedness created after the original conveyance by him to them, and under a foreclosure of this mortgage the title of Elma Callis and husband was divested out of them and revested in the said J. Y. Stewart, Sr. The plaintiffs in their petition do not allege the presentation of the vendor's lien notes to the administrators of the estate of J. Y. Stewart, and in lieu thereof state: "That the amount of the indebtedness herein sued for, which the estate of J. Y. Stewart, deceased, will ultimately be bound, if any, in satisfaction of the indebtedness herein sued on, is an indefinite amount, and cannot for said reason be intelligently presented to the administrators of the estate for allowance and payment until after the sale of the above-described property under the foreclosure proceedings." The administrators denied liability of the estate as to one of the notes; also specially pleading that the proceeds of sale be applied to the judgment against them as administrator, and in the event the sale of the land is insufficient to pay the judgment that they have judgment against their codefendants for the full amount, with a demand for subrogation. Judgment was entered by the district court of Scurry county against the administrators of said estate, as well as

against the makers of the notes, and the said John R. Smith as indorser upon the same; the administrators, the only defendants, the only defendants, appealing in said cause.

[1, 2] First. The administrators, appellants herein, assign "that the district court erred in granting judgment, * * * for the reason that there was no evidence showing that the notes sued on and used as a basis of this cause of action by plaintiff were ever presented to the administrators of the estate of J. Y. Stewart, deceased, prior to the time of filing this suit," clearly presenting the issue in this character of an action involving different litigants, and the rights of other parties, whether the district court has jurisdiction to render judgment upon the notes to foreclose the vendor's lien and order a sale of the property for that purpose without presenting them to the administrators.

Second. The amount of the liquidated demand in this case is $2,860, which, if it were only the simple adjudication of a debt and lien against an estate, the claim would necessarily have to be presented, and, if allowed, would be dominated by the probate statutes and the county court. We think it is clear from the authorities in this state that, if the probate court is unable to administer the rights of the parties where they are so correlated to the cause of action as that the district court would be the proper forum for the administration of the remedies as affecting the different and conflicting rights of the parties, the probate court would be devoid of jurisdiction, and that of the district court would attach. In this matter it is clear that the plaintiff would have been unable in the probate court, even if the administrators had allowed the vendor's lien notes as a claim against the estate, to have obtained judgment against Elma Callis and her husband, the makers of the notes, and against John R. Smith, who indorsed the same before the transfer by J. Y. Stewart, Sr., to Mrs. Webb, having no jurisdiction over that part of the subject-matter of the suit. Again, the probate court would have been devoid of jurisdiction for the purpose of rendering judgment in favor of the administrators in this matter as against Elma Callis and her husband on account of suretyship of the deceased, J. Y. Stewart. While this question, so far as we are able to ascertain, upon an investigation of the authorities, has ever been directly decided, and while, of course, it has been definitely decided in this state from the time of Robertson v. Paul, 16 Tex. 472, that a vendor's lien should be enforced in the probate court, although it has preference and priority over all claims with reference to the particular security, however, it seems to us that in a matter of this kind, where there arise conflicting interests, and the adjustment of different equities for adjudication, and the enforcement of substantive rights which the probate court, separate and distinct from the enforcement of the vendor's lien, is unable to adjudicate, that under the statute and under the constitution, with reference to the residuary jurisdiction of the district court, that necessarily that court in this character of a case had the jurisdiction. The Court of Civil Appeals, in the case of National Guaranty Loan & Trust Co. v. Fly, 29 Tex. Civ. App. 533, 69 S. W. 231, where the matter was also sharply presented with reference to the enforcement of liens and the adjustment of equities, where the probate statute had not been complied with as to institution of the suit within 90 days after the allowance of the claim by the administrator, said: "Appellants sought in this suit to enforce its several liens, and to adjust the equities of all parties in the property covered by same, as well as to establish its claim against the estate of Jessel upon the contract of guaranty. It is clear that the relief to which appellant was entitled was beyond the power of the county court to grant, and, such being the case, we do not think it was necessary or proper for the claim against the estate of Jessel to have been presented to the administrator. Appellant was entitled to full relief, and he was not required to abandon any portion of his cause of action, or to divide same, and seek relief in the probate court on one portion and in the district court on another. Being compelled, in order to obtain full relief, to sue the administrator in the district court, regardless of whether the claim against the estate upon the guaranty had been allowed by the administrator, appellant was not required to present such claim for allowance." While in that case the property upon which the lien was sought to be enforced was not in the estate, the principle enunciated by that court, we believe, is applicable to the question of the maintenance of the jurisdiction of the district court in this cause, for the reason that it would be peculiarly inequitable and in violation of the principle condemning the multiplicity of suits, and the symmetry of the law upon that subject, to compel this litigant to resort piecemeal to different jurisdictions for the attainment of one end; and the residuary clause of the Constitution as to the jurisdiction of the district court would apply. If in this case the claim had been presented and allowed against the estate, unless the claimant temporarily or permanently waived his rights as against others (which action might become disastrous as to claimant's rights), the county court could not then have entertained the jurisdiction to have enforced the rights and remedies of all parties. If so, the presentation to the administrators was unnecessary. The Supreme Court said in the case of George v. Ryon, Administrator, 94 Tex. 321, 60 S. W. 428, where the question was certified whether the district court had jurisdiction to try the question of

the validity of the deed in trust there involved: "In such cases, however, the claimant may have some legal or equitable right connected with his claim for the adjudication of which the powers of the probate court are inadequate and for the enforcement of which suit may be maintained in the district court. Cannon v. McDaniel, supra." 46 Tex. 303. And, further, that court said: "This much may be said of the jurisdiction arising out of the plaintiffs' cause of action. It may be true, also that the defendant in her own right had an independent cause of action against plaintiff to free the homestead of the asserted lien, of which the district court had jurisdiction when asserted by cross-petition. Groesbeck v. Groesbeck, 78 Tex. 664 [14 S. W. 792], and authorities cited." Of course, the Supreme Court was only applying the language to the facts in that suit, but we think the language, as the announcement of a principle, is applicable here. The estate in this suit "had an independent cause of action" against some of the other defendants, and the right of subrogation growing out of suretyship which the county court could not possibly enforce; and it is discernible in this case that the rights of different parties could be affected and prejudiced by delay resultant by a division of jurisdiction over different interests growing out of the same state, if required to be enforced by a splitting of actions.

[3] Third. The appellants also complain that the judgment of the district court in this matter should be certified to the probate court for its enforcement, in the event we overrule the other contention as to the presentation to the administrators, on the proposition that no court, except the county court, has a right to divest title in real estate out of the estate of decedents, and the order of sale should issue out of that court, and even though the district court have exclusive jurisdiction over the suit. In this distinct proceeding, if the jurisdiction of the district court attaches, we think it is to be invoked practically for all purposes, for the reason that upon examination of the statutes with reference to the divestiture of title and enforcement of claims, this character of judgment, we think, clearly is not within the purview of the articles of those statutes for that purpose. The rights of Smith and defendants Callis are just as prominent and substantive as the rights of the estate; they have equities with reference to this estate, and the defendant Smith also would be clearly entitled to subrogation under certain conditions, and the kind and character of sale contemplated by the probate statutes being to some extent different from the order of sale following a judgment in the district court, we can see no reason why the district court in furtherance of the execution of his judgment should not issue the order of sale, and a sale to be made thereunder, and that the independent parties in this suit, on account of their rights, affected by this litigation have that right without their equities being affected by the probate statutes with reference to the order of sale contemplated in those enactments. Articles 3488, 3489, 3494, 3495, 3496, New Revised Statutes.

[4] Fourth. However, whenever the rights of Smith and Callis are eliminated with reference to this estate, the district court has no right by its writ to subject other portions of the estate of J. Y. Stewart upon a deficiency judgment and execution based upon it. The rights of the estate in the event of such a demand arise and the district court would have no right to impound the remainder of the estate for that purpose; the matter of costs, priority of claims, allowances, if any, bring into existence the probate statutes, and the jurisdiction of the probate court, for the enforcement of such a deficiency judgment as an independent demand against said estate, would arise; and it is adjudged by this court that the provision for execution for the satisfaction of any unpaid balance upon the judgment is not applicable as a writ for the enforcement of same against said estate, and to that extent only the judgment of the lower court is reformed.

All assignments are overruled except as to the extent indicated, wherein we reform the judgment, and the judgment of the trial court is in all other respects affirmed.