FRYCKBERG et al. v. SCOTT et al.
(No. 6277.)

(Court of Civil Appeals of Texas. San Antonio. Dec. 31, 1919. Rehearing Denied Feb. 4, 1920.)

1. EXECUTORS AND ADMINISTRATORS ⬅76—
DISTRICT COURT HAS EQUITY JURISDICTION RELATING TO ESTATES WHERE COUNTY COURT CANNOT GRANT RELIEF.

Under Rev. St. 1911, art. 1712, authorizing the district court, subject to limitations prescribed by statute to hear any cause cognizable by court of law or equity, the district court has jurisdiction in matters relating to estates of deceased persons, when legal or equitable rights must be adjudicated, and the powers of the county court are inadequate to adjudicate them and administer complete relief.

2. EXECUTORS AND ADMINISTRATORS ⬅344—
WHERE ADMINISTRATRIX REFUSED TO SELL BECAUSE OF ADVERSE CLAIMS THE DISTRICT COURT CAN ADJUDICATE THE CLAIMS.

Where the administratrix refused to obey an order of the county court to sell real estate to pay an allowed claim because others claimed prior rights in the property, the district court could hear a suit against the administratrix and the adverse claimants, to determine the rights of the parties and to order a sale of the property to be carried out under the direction of the county court, since there was no procedure by which the adverse claimants could be brought before the county court and their claims determined.

3. EXECUTORS AND ADMINISTRATORS ⬅76—
MULTIPLICITY OF SUITS MAY BE AVOIDED BY ACTION IN DISTRICT COURT.

Under Rev. St. 1911, arts. 1705, 1706, 1712, prescribing the jurisdiction of the district court, and articles 3206, 3207, prescribing the jurisdiction of the county and district courts in probate matters, it has always been the policy to avoid multiplicity of suits, and when possible to settle in one suit such issues as could not have been settled in the probate court.

4. EXECUTORS AND ADMINISTRATORS ⬅241—
ALLOWANCE OF CLAIM AGAINST ESTATE CANNOT BE COLLATERALLY ATTACKED.

The allowance by a court of competent jurisdiction of a claim against a decedent's estate is a judgment which cannot be collaterally attacked.

---

5. MARSHALING ASSETS AND SECURITIES ⊕⊃2—
LATER LIENHOLDER NOT ENTITLED TO MAR-
SHALING AS AGAINST LIEN FOR PURCHASE
MONEY.

In suit against a decedent's estate to have sold land of the estate subject to plaintiffs' note for the purchase money thereof secured by deed of trust on the land, a vendor's lien thereof being preserved and in effect recited in the note and deed of trust, and plaintiff's claim as evidenced by the note and deed of trust having been established in the county probate court, *held*, there was no pleading or proof justifying sale of remainder of the land before sale of the portion which a later lienholder claimed should be last sold to protect her claim.

6. EXECUTORS AND ADMINISTRATORS ⊕⊃344—
PROBATE JURISDICTION MAY BE EXHAUSTED
BEFORE APPEALING TO EQUITY JURISDICTION
TO DETERMINE ADVERSE CLAIMS.

A creditor of a decedent's estate properly filed his claim in the probate court, and asked for a sale of the land to satisfy it before appealing to the district court to adjudicate adverse claims to the land by those who could not be made parties in the probate court.

Appeal from District Court, Nueces County; W. B. Hopkins, Judge.

Suit by Mrs. G. R. Scott and others against Mrs. Etta M. Fryckberg and others. Judgment for plaintiffs, and defendants appeal. Affirmed.

Jas. H. Anderson, of Corpus Christi, W. L. Dawson, of Mission, and Delmas Givens, of Corpus Christi, for appellants.

G. R. Scott and Boone & Pope, all of Corpus Christi, for appellees.

COBBS, J. This suit is brought on an approved claim, or rather judgment for $8,025, for interest, and for 10 per cent. attorney's fees, against the Fryckberg estate, established as a valid claim in favor of appellees against the estate of J. W. Fryckberg by the county probate court of Nueces county, where said estate is being administered, and established the lien expressed in the deed of trust, securing its payment, on 372 acres of land located in Nueces county in what is known as the "Nueces Irrigation Park," and ordered the same to be satisfied and paid out of the assets of said estate and duly classified as a valid claim against said estate.

Appellees duly requested the administratrix to sell said land to pay the claim, and being refused twice applied to the court for an order compelling the administratrix to proceed and sell to pay the claim and the order of the court being as often disobeyed, appellees made application to have her removed as administratrix, which the court refused to do. Not being able to secure the relief through the administratrix, who refused to comply with the orders of the court, and not being able to get the relief from the court appellees perfected their appeal from

this order to the district court, where it is now pending for determination; the cause of action being based upon the alleged ground as follows:

"Plaintiffs, as such surviving heirs of said G. R. Scott, are the legal owners and holders of said claim and lien, and as such holders and owners are entitled to the full benefit of the liens and securities held by said G. R. Scott, and such lien is a valid, subsisting, and unsatisfied lien for the unpaid purchase money of said land and premises to the full extent of the balance due thereon, principal, interest, and attorney's fees, as established and allowed by the honorable county court of Nueces county, Tex., with interest thereon as therein specified, and is a valid and subsisting lien upon all the lands and premises hereinbefore described covered by, and included within, the terms and provisions of said deed of trust, and superior and prior to any character of right, title, or claim asserted by said defendants or any of them, and the said lands upon which plaintiffs' said lien exists is not sufficient to enable plaintiffs to realize their claim therefrom, and is in fact far less than the amount of such claim, and there exists no equity in favor of defendants or any of them."

And hence appellee alleged he—

"cannot procure full and adequate relief in the county court of Nueces county, Texas, and it is necessary that this court determine and fix the priority and superiority of plaintiffs' lien and foreclose same against all adverse claimants, and order the sale of said property in satisfaction of plaintiffs' claim, through said county court."

- The prayer of their petition is:

"Upon hearing, plaintiffs pray decree determining and establishing the priority and superiority of their claim and lien against all defendants adversely claiming, foreclosure as to all such defendants, judgment for costs against all such defendants, and judgment and decree ordering said administratrix to sell said properties in satisfaction of said lien, and certification of said decree to the said county court of Nueces county, Texas, for observance, and for all such other and further orders and decrees, as may be requisite or necessary to afford plaintiffs all relief, general and special, legal and equitable, to which, in the premises, they may be entitled."

The appellant Mildred Seaton answered by demurrer and pleaded to the jurisdiction of the court, also asserting the claim to be barred against her by the statute of limitation, general denial, and special answer, and averred that a portion of the land upon which the lien existed was conveyed by J. W. Fryckberg and C. M. Cannon to the Nueces River Irrigation Company, and if plaintiff had a lien it was subject thereto. She pleaded her debt over against Nueces River Irrigation Company, and prayed for judgment for same against said company, and for foreclosure of her lien incident thereto. She pleaded by the deed of trust sued on, plaintiff waived

the lien upon lands of Nueces River Irrigation Company, thereby making her claim superior. In the alternative prayed that plaintiffs' lien should only operate upon the land, and not upon the improvements thereon, and that the land be released upon the payment of the value of the land.

Etta M. Fryckberg, as administratrix and individually, Nueces River Irrigation Company, and Hollice, Donna, and Eleanor Fryckberg, minors, answered by demurrers and—

"specially excepted to and filed a plea to the jurisdiction of the court, specially excepted and pleaded the four-year statute of limitation to the vendor's lien note, specially excepted and pleaded that this suit was a collateral attack on the proceedings of the probate court, specially excepted and pleaded the statute of frauds, that this was a suit to hold a married woman personally responsible, who signed as surety for a pre-existing debt of her husband, and pleaded the five-year statute of limitation as to the five-acre tract of land in the name of Nueces River Irrigation Company. All of which exceptions were by the court overruled.

"And, specially answering, these defendants charged: That the deed of trust and note given on the homestead tract was and is void, and as to a lien on various other and sundry properties, that the assets should be marshaled, and that the deed of trust and note was executed as, intended for, and accepted by plaintiffs' decedent, as a complete discharge and satisfaction of the original vendor's lien, and was a full and complete settlement of accounts to that date, and that said original lien was thereby waived, discharged, released, and annulled in its entirety, by taking said independent security, of shares of stock, and Mrs. Fryckberg's signature as surety; also pleaded estoppel as to the five-acre tract of land in name of Nueces River Irrigation Company as against plaintiffs' decedent, who was an attorney and passed upon and recommended the title to said land."

Appellees filed a—

"supplemental petition in answer to the amended answer of the defendants Etta M. Fryckberg, individually and as administratrix, the Fryckberg minors, and Nueces River Irrigation Company, which consisted of a general demurrer, general denial, and a special answer to that portion attempting to plead homestead, in which plaintiffs averred that the indebtedness due was for the unpaid purchase money on the lands and premises described in plaintiffs' petition; that their decedent, G. R. Scott, was the owner and holder by a valid written transfer, duly recorded, of the vendor's lien, and legally entitled to the land and premises to secure the full and final payment of said indebtedness; that said sum of money was unpaid and unsatisfied, and the vendor's lien outstanding and unsatisfied to secure the payment thereof, and that neither said Etta M. Fryckberg nor the minors could or did acquire any homestead in the 200 acres of said land, or in any part of said land, as against said unpaid purchase money.

"They further specially answered that the claim had been allowed, adjudicated, and established as a valid, subsisting, and unsatisfied claim for the unpaid purchase money on said property by the order, judgment, and decree of the county court of Nueces county, Texas, sitting in probate in said estate of J. W. Fryckberg, deceased, and that no attempt was in said cause made to have said land set apart or declared to be a homestead and that no claim thereto was in said court asserted. They specially denied any waiver of or discharge of the vendor's lien and as to the Nueces River Irrigation Company, they denied that said Scott examined or recommended the acceptance of the title to said corporation other than as subject to the lien outstanding and unsatisfied for the unpaid purchase money, and they pleaded in this connection that the promoters and organizers of the Nueces River Irrigation Company, at the time of the promotion and after the organization and incorporation, well knew and understood that there was outstanding and unsatisfied a valid and subsisting lien upon said lands and premises for the unpaid purchase money thereof and said corporation acquired the title to said land subject to any rights outstanding and existing in the owner and holder of said lien, and they further alleged that not only was said lien for the unpaid purchase money but that the deed of trust evidencing the lien was, in writing, executed and acknowledged by J. W. Fryckberg, the husband of said Etta M. Fryckberg, and that no homestead rights could exist or have been acquired against said lien."

The judgment was for $10,593, with interest from November 27, 1914, until paid at the rate of 8 per cent. per annum in favor of appellees, establishing the lien on the lands, and in favor of Mildred Seaton on her cross-action against Nueces River Irrigation Company for $8,973.40, with 8 per cent. interest from January 27, 1919, and for foreclosure of a lien on a certain tract in controversy. The appellants have appealed their case, and are here upon separate assignments and briefs, but practically the same errors are assigned, except in so far as Mildred Seaton in her brief has raised questions applicable to her alone.

[1] The first to third assignments question the jurisdiction of the district court to entertain this suit to adjudicate the matters therein on the alleged ground that the county court alone had the exclusive original jurisdiction to classify and determine the superiority of claim and enforce liens incident thereto. That proposition is generally true because, being a court of exclusive jurisdiction in regard to administration of estates, it is yet a court of limited jurisdiction.

The district court, too, in some cases, has jurisdiction relating to estates of deceased persons when legal or equitable rights are required to be adjudicated and the powers of the county court are inadequate to adjudicate the same and administer complete relief. In fact, no court of equity in the world, chancery or otherwise, possesses the broad and comprehensive powers to administer equity as the district courts of this state under the Constitution and laws. Sub-

ject to the limitations prescribed by our statutes it is:

"Authorized to hear and determine any cause which is, or may be, cognizable by courts, either of law or equity, and to grant any relief which could be granted by said courts, or either of them." Art. 1712, R. S.

And see the many citations under that article in Vernon's Sayles' Civil Statutes.

[2] The appellees in no wise have denied or attacked the jurisdiction of the county probate court; they affirmed it both by going in and then causing the decree of the district court certified to it, for final disposition. It was there their claim was established against the estate and their lien fixed on the land securing it. They requested the adminisratrix to sell the land to pay it. They sought her removal because she refused to obey the court, but the court refused to grant that. Appellees exhausted all their remedies in that court before appealing to the equity powers of the district court for relief.

The very defenses set up of alleged prior liens and adverse interests in the land by other persons, and the attacks made against the approved claims established by the county probate court, demonstrate the need of the broad equity powers of a court of equity. The matters adjudicated here could not have been so adjudicated in the probate court for there was no procedure whereby third parties might be interpleaded, and made to set up claims to be passed upon. It may be that appellants could have gone in the county court voluntarily, having an interest in the subject-matter, and had all the issues disposed of, but we do not see how appellees could have required their appearance. Their action demonstrates on its very face those issues could be determined between them only through the broad powers of the district court. Perhaps appellees felt there was no appeal from the action of the administratrix in refusing to execute the order, because the court granted all applications to compel a sale. An appeal from the order of the court in refusing to remove the administratrix does not seem to have been an adequate remedy, as the trial would be de novo on that question alone, and all other issues would still be undecided. For instance, the alleged refusal upon the part of the administratrix, among other reasons, that said property had not been sold because the estate did not hold title to all of it, and that as to other portions of said property there were other claimants of liens, rights, interests, or title, of same character, which had not been determined, was to deny appellees very valuable rights. This is no reason for an administratrix to disobey the order of the court. Such questions are ordinarily to be determined by the court for itself having charge of such estate. But it states a very good reason why the district court should

take cognizance against the administratrix, to compel a sale of the land under that judgment and bring it before it, preliminary thereto, these very alleged adverse claimants and adverse interests, all proper subjects to be brought into one proceeding in the district court, where full and adequate relief may be had and administered between all of them, and upon each of them, and in respect to each of their claims and cross-claims against each other, respecting, as the district court did, by leaving to the ultimate and final jurisdiction right of disposition and enforcement of the claim to and through the county probate court, and to that end certified its judgment to that court for observance.

[3] It has always been the policy of the law in this state to avoid a multiplicity of suits, and when possible settle in one suit such issues as could not have been settled in the probate court. R. S. 1911, arts. 3206, 3207; R. S. 1911, arts. 1705, 1706, 1712; Cannon v. McDaniel, 46 Tex. 306; National Guaranty Loan & Trust Co. v. Fly, 29 Tex. Civ. App. 533, 69 S. W. 231; Hume v. Perry, 136 S. W. 594; Phillips v. Watkins Land Mortgage ·Co., 90 Tex. 195, 38 S. W. 270, 470; George v. Ryon, 94 Tex. 317, 60 S. W. 427; Ralston v. Stainbrook, 187 S. W. 415; Lauraine v. Ashe (Sup.) 191 S. W. 565; Lauraine v. Masterson, 193 S. W. 710; Lauraine v. Vaughan, 193 S. W. 712; Slavin v. Greever, 209 S. W. 483. As said in Lauraine v. Masterson, 193 S. W. 711:

"The nature of the case, as disclosed by the foregoing statement, was such that the powers of a probate court were inadequate to grant the defendant in error the full relief to which he was entitled, and it is well settled that in such cases the district court can properly be called upon to exercise its equity powers and grant adequate relief. Cannon v. McDaniel, 46 Tex. 303; George v. Ryon, 94 Tex. 317, 60 S. W. 427; National Guaranty Loan & Trust Company v. Fly, 29 Tex. Civ. App. 533, 69 S. W. 231; Stewart v. Webb, 156·S. W. 537."

In the case of Lauraine v. Ashe (Sup.) 191 S. W. 566, opinion by Chief Justice Phillips, speaking of the jurisdiction conferred by the Constitution, the court said:

"Jurisdiction for the transaction of 'all business appertaining to deceased persons, * * *' is by the Constitution conferred upon the county court in broad and general terms. But the equity jurisdiction of the district court is conferred by the same instrument in terms equally broad. While it is customary to speak of the jurisdiction of the county court over matters relating to estates of deceased persons under administration as 'exclusive,' and the entire current of our judicial decisions is to carefully protect the jurisdiction of that court over such matters, as it ought to be, yet it is plainly recognized that questions may arise affecting estates in regular course of administration, requiring, for illustration, the adjustment of equities, for the settlement of which the probate

jurisdiction of the county court is inadequate, and in such cases, notwithstanding the administration, resort may be had to the equity powers of the district court for the determination of those questions, the judgment to be performed through the probate court. This is a jurisdiction auxiliary and ancillary to that of the probate court. In some extraordinary instances it may be corrected. It is to be exercised only in special cases, but it nevertheless exists. Cannon v. McDaniel, 46 Tex. 303; George v. Ryon, Administrator, 94 Tex. 317, 60 S. W. 427; Western, etc., Mortgage Co. v. Jackman, Adm'r, 77 Tex. at page 626, 14 S. W. 305; Groesbeck v. Groesbeck, 78 Tex. 669, 14 S. W. 792; Pomeroy's Eq. Jur. vol. 3, § 1154, pp. 2283–2294. * * * To make our ruling plain, it is to be understood that only the probate court has jurisdiction to sell for the payment of debts the property of a decedent upon whose estate administration has been commenced or is pending. Rogers v. Kennard, 54 Tex. 30; Smithwick v. Kelly, 79 Tex. 564, 15 S. W. 486; Atchison v. Smith, 25 Tex. 228. Our holding is made with clear reference to the want of such power in the district court. As applied to the character of case last discussed, where, notwithstanding a pending administration, the jurisdiction of the district court may be availed of for the settlement of questions affecting the estate which the powers of the probate court are inadequate to determine, this is also the rule. The judgment in such a case is to be performed through the probate court, and if a sale of property is necessary to its performance it must be made by that court. Cannon v. McDaniel, supra. An attempted exercise of this power by the district court is not here involved; nor, with administration upon the estate of Mrs. Allen commenced, is it to be assumed that its exercise will be attempted. The present case concerns alone a jurisdiction which is entirely distinct from such power, and which, from aught that here appears, may be properly exercised by the district court."

Now the facts in regard to this transaction are:

"About July 1, 1907, C. J. Allen conveyed to J. W. Fryckberg by warranty deed certain lands out of the Herrera grant, in Nueces county, Texas, including what was subsequently known as the Nueces River Irrigation Park, and as part of the purchase money therefor said Fryckberg executed and delivered to said Allen his note of that date in the principal sum of $15,437.33, numbered 3, and maturing three years after due, payable to said Allen or order, and providing for interest and attorney's fees, and retaining the vendor's lien on said lands and premises to secure the payment thereof, and in said deed the vendor's lien was also expressly retained. Subsequently, on March 24, 1911, for a recited consideration of $12,451.73, said note and said lien were in writing transferred and assigned to G. R. Scott by the said C. J. Allen. On May 9, 1911, J. W. Fryckberg and Etta M. Fryckberg executed and delivered to G. R. Scott their note in the sum of $9,270, which recited that it was secured by a deed of trust on 372 acres of land in Nueces River Irrigation Park, with all the water rights and privileges to which said lands were entitled, and said deed of trust fully described said note and the purpose for which said note was given. Said deed of trust contained a declaration that the property formed no part of any property claimed by them as exempt from forced sale, and disclaimed and renounced any claim thereto, and specifically designated as their homestead Annex No. 1 to Nueces River Irrigation Park of said lands, but expressly stated that, 'as above recited,' it had not been paid for."

[4] The allowance of the claim and its establishment was a judgment of a court of competent jurisdiction and cannot be collaterally attacked. There was no appeal taken from it, nor contested by any creditor, the appellants, or any one asserting an adverse claim in the county court. None of the appellants here appeared before the probate court to set up any adverse claims, or to contest its allowance or have their rights passed upon.

[5] The lien here asserted by appellant Mildred Seaton is inferior to that of appellees. She was also the notary who took the acknowledgments to the instrument. The note of G. R. Scott was for the renewal and extension of a balance due for the purchase money, and a vendor's lien preserved and continued in effect recited both in the note and deed of trust to G. R. Scott. Warhmund v. Merritt & Metcalf, 60 Tex. 27; Berry v. Boggess, 62 Tex. 237.

There was no pleading or proof that would have justified the court to order the sale of the remainder of the land before sale of the portion which Mildred Seaton, appellant, claims should be last sold to protect her alleged claim. The claim of appellees had been allowed as a secured claim on the note dated May 19, 1911, shown to have been a renewal and extension of the lien for purchase money. The basis of which claim was the transfer of the note dated March 24, 1911, filed for record May 31, 1911, duly recorded, while the Mildred Seaton note was dated December 30, 1913, secured by a deed of trust, dated February 3, 1915.

We have carefully considered all the assignments touching the jurisdiction of the court, the plea of limitations as to the vendor's lien note, the question of personal liability of Mrs. Fryckberg, waiver of liens, homestead claim, and all other assignments, including additional ones raised by appellant Seaton. We cannot see the slightest reason to question the good faith and right of G. R. Scott to acquire the note he did for himself.

[6] We think it was proper in the first place for appellees to have exhausted their remedy in the county court before appealing to the equitable powers of the district court to try out in that court all those disputed issues that were disposed of, peculiarly within the equitable powers of that court, and certify that decree to the county court for its observance and ultimate disposition; such court having the first jurisdiction of all matters connected with that estate. We see no

issue of fact that would require a finding of the jury that could have brought about a different result.

Because of a peremptory instruction given by the court, we have very carefully examined the record, and find no reversible error, and overrule all the assignments, and affirm the judgment of the court.

Affirmed.