## BATEN v. THORNHILL.

### No. 3721.

Court of Civil Appeals of Texas. Beaumont.

Oct. 31, 1940.

Rehearing Denied Nov. 13, 1940.

G. D. Baten, of Beaumont, for appellant.

Sharfstein, Bell, Weinert & Nelson, of Beaumont, for appellee.

WALKER, Chief Justice.

This suit was filed in district court of Jefferson county by appellee, C. B. Thornhill, the payee, against M. W. Lowry and J. E. Light, the makers, and appellant, Mrs. Clara G. Baten, in her representative capacity of administratrix of the estate of her deceased husband, Thos. J. Baten, guarantor, on a promissory note dated September 1, 1934, payable to appellee at Beaumont, Texas, in the principal sum of $3,521.60, with interest at 10 per cent per annum from date until paid, payable annually, and 10 per cent attorney's fees, with prayer for foreclosure of a deed of trust lien on certain real estate in Reeves and Hudspeth counties, owned by the makers.

Appellee plead his cause of action against the administratrix as follows: "The defendant Clara G. Baten sued herein in her representative capacity only, was duly appointed administratrix of the estate of the said Thos. J. Baten with will annexed; and that at all times since said date the said defendant Clara G. Baten has been and now is the duly appointed, qualified and acting administratrix with will annexed of the said will of Thos. J. Baten, Deceased; that it is not possible for plaintiff to present his claim to said administratrix and to secure the relief to which he is entitled in the probate court for the reason that he seeks in this suit to enforce his several liens and to adjust the equities of all parties in the property covered by same as well as to establish his claim against the estate of Thos. J. Baten upon the contract of guaranty, such relief being beyond the jurisdiction and power of the County Court sitting in probate to grant in the single suit to which plaintiff is entitled against the original obligator and the guarantor's estate herein; that it is necessary and desirable that said administratrix be joined as party defendant herein rather than to secure a prior judgment and foreclosure against the original obligors alone in order to avoid a multiplicity of suits and in order that said administratrix may take such action as to her shall seem meet and proper in order to protect the interests of said estate throughout such proceeding."

His prayer for relief against the administratrix was as follows: " * * * and further prays for judgment against the defendant, Clara G. Baten, in her representative capacity as administratrix with the will annexed of the estate of Thos. J. Baten, Deceased, upon said contract of guaranty hereinabove set forth for such sum of $3,521.60 together with interest and attorney fees accrued thereon as hereinabove stated, and all costs of suit, and further providing that the property upon which the liens are foreclosed be first sold and the proceeds credited upon said judgment, and directing the Sheriff to first levy upon the property of the defendants M. W. Lowry and J. E. Light in such amount as will, in his opinion, be sufficient to make the amount of the execution, otherwise on so much property of the said defendants, M. W. Lowry and J. E. Light as may be found, if any, and thereafter that the Clerk of this Court certify the deficit unpaid on said sums to the County Court of Jefferson County, in probate to be paid by the defendant Clara G. Baten, Administratrix as aforesaid, in due course of administration."

During his lifetime the guarantor paid on the note the sum of $2,000. On the allegations of his petition, appellee's claim had not been presented to the administratrix as required by Articles 3509, 3530, 4239 (and by reference), 4308, R.C.S.1925. On that allegation, appellant by exception challenges the sufficiency of the petition to confer jurisdiction upon the district court.

No issue by the evidence was made against the validity of the note, principal, interest and attorney's fees, as plead by appellee, less the payments made by the guarantor. Neither the pleadings nor the evidence raised any issue against the solvency of the makers. It is conceded that appellee did not file his claim in any way in the probate court prior to the filing of this suit; the evidence showed no prior demand or action invoking the jurisdiction of the probate court.

On trial to the court without a jury, judgment was entered in favor of appellee against the makers, Lowry and Light, for the sum of $2,874.67, with foreclosure of the deed of trust lien, writ of possession, execution for the deficiency, etc. Judgment was entered against the administratrix on the guaranty of her deceased husband, Thos. J. Baten, for the sum of $1,971.73. The difference between the judgment against the guarantor and the judgment against the makers was occasioned by the fact that the note guaranteed by Thos. J. Baten was less than the amount of the debt acknowledged in the deed of trust.

After directing the sale of all property covered by the deed of trust, and that execution issue against the makers for the deficiency, the judgment proceeded: "And thereafter, after crediting the proceeds of any and all such sales upon this judgment the Clerk of this court shall certify the balance and deficit remaining unpaid upon the portion of this judgment against the defendant Clara G. Baten, as Administratrix aforesaid, to the County Court of Jefferson County, Texas, wherein administration on the Estate of Thos. J. Baten, Deceased, is pending, to be paid by the defendant Clara G. Baten in her capacity as Administratrix with the will annexed of the Estate of Thos. J. Baten, Deceased, in due course of administration."

Appellant has filed an able brief and has reviewed with accuracy and clearness the authorities relied upon by her to support her proposition that the district court was without jurisdiction to entertain this suit: "Plaintiff's Petition on it's face having shown the estate of Thomas J. Baten, Deceased, was in the process of administration in the Probate Court, and such petition alleging a liquidated demand for a sum certain in amount, and such petition showing on it's face no presentment of a verified claim to the Adminis-

tratrix of such estate for approval or rejection, the District Court was without jurisdiction to entertain the Plaintiff's suit against the administratrix, and the pleas to the jurisdiction of the Court and the exceptions to the petition should have been sustained."

The liability of the estate of Thos. J. Baten, as guarantor, was evidenced by the following written endorsement by him on the back of appellee's note: "September 1, 1934, I hereby guarantee the payment of this note. Thos. J. Baten."

In his will, Mr. Baten provided: "I direct that all my debts, including all security debts, be paid out of my estate, I am security on notes due C. B. Thornhill, and I want all of them paid."

In her proposition, appellant is correct in her statement that appellee's note evidenced "a liquidated demand for a sum certain in amount." Construing a guarantor's liability, in National Guaranty Loan & Trust Co. v. Fly, 29 Tex.Civ.App. 533, 69 S.W. 231, 232, the court said: "It is an absolute guaranty of the payment of the note according to its terms in event default be made by the makers. The undertaking is to pay directly if the makers default, and upon such default the liability of Jessel became absolute and primary."

On the admitted facts that appellee's demand was absolute and certain, that no issue was made against the solvency of the makers, and that appellee had filed no prior demand invoking the jurisdiction of the probate court, the recent opinion of the Austin Court of Civil Appeals, written by Mr. Chief Justice McClendon, in Johnson v. First Mortg. Loan Co. of San Angelo, 135 S.W.2d 806, is decisive against appellant's proposition that the district court was without jurisdiction to entertain appellee's demand. The opinion in that case is a clear holding, supporting the jurisdiction of the district court. In support of his conclusion, Judge McClendon cited Hume v. Perry, Tex.Civ.App., 136 S.W. 594. He reviewed the recent opinion of Jones v. Wynne, 133 Tex. 436, 129 S.W.2d 279, where, without expressing any opinion as to the correctness of the holding in Hume v. Perry, the Commission quoted the notation of the Supreme Court in granting the writ of error in Hume v. Perry. Judge McClendon concluded his discussion as follows [135 S.W.2d 810]: "The opinion in the Hume case is an evidently careful consideration of the subject, and we are in accord with its reasoning and

611

conclusion. The decision has never been overruled."

We, too, "are in accord" with the reasoning and conclusion of the court in the Hume case. The jurisdictional proposition invoked by appellant is not one of substantive law, but merely a matter of procedure. The office of a procedural statute is to afford claimants a speedy and satisfactory method of adjusting their claims. The construction of the statutes in issue, quoted and analyzed by Judge McClendon in his opinion, as made in the Hume case, has long been judicial history. It must be presumed that through all these years the Bench and Bar have accepted this construction as sound. Even if the construction were doubtful, after all these years this court would hesitate to disturb the conclusions of the Hume case. The procedure therein outlined, in construing these statutes, is satisfactory, expeditious, and avoids a multiplicity of suits. It would serve no useful purpose to review appellant's authorities.

 In her brief filed subsequent to submission, appellant suggests fundamental error in the following respects:

(1) "It is incumbent upon the plaintiff to plead and prove consideration for the guaranty of contract." This proposition is overruled. A written contract of guaranty imports a sufficient consideration. 10 Tex. Jur. 117. The burden rested upon appellant to plead failure of consideration as a defense. 10 Tex.Jur. 514: "Where the contract is in writing, want or failure of consideration must be pleaded by the promisor when relied on as a defense."

Want of consideration is not established merely by lack of any evidence on consideration. 10 Tex.Jur. 526: "The burden of proving want or failure of consideration, * * * is upon the party who seeks to avoid the contract or excuses a failure to perform on that ground."

Appellant had no plea and offered no evidence on this issue.

(2) As a second ground of fundamental error, appellant suggests that the judgment is duplicitous. As shown in our statement above, the judgment against the makers was for $2,874.67 and against appellant for $1,971.73. The judgment was in no sense duplicitous. While appellee was given a recovery against the makers in excess of the recovery against appellant, the judgment adjusted the equities between the makers and the Baten estate.

(3) Appellant's last proposition of fundamental error is as follows: "Under no theory of the case could the District Court have rendered judgment in favor of the plaintiff for any deficiency between the ultimate amount adjudicated against Lowry and Light and any amount adjudicated against Clara G. Baten, administratrix, because the whole theory of the law suit, as to the administratrix in her representative capacity, was that she was liable for a liquidated amount under a guaranty contract and she was in no wise liable for any deficiency after execution against Lowry and Light for any amount adjudged against Lowry and Light."

The judgment conformed to Arts. 6251, 6252, and 6247. See National Guaranty Loan & Trust Co. v. Fly, supra, and Hume v. Perry, supra.

It follows that the judgment of the lower court should be in all things affirmed, and it is accordingly so ordered.

Affirmed.