**WEBBER et al. v. SWIFT & CO. (No. 6475.)**

(Court of Civil Appeals of Texas. San Antonio. Dec. 16, 1920.)

1. **Insane persons ⬦62—Presentment of account to guardian of insane person, surety, prior to suit held unnecessary.**

Where surety became insane, and a guardian was appointed, the claim against the estate of the insane person was contingent upon the failure of the principal to pay the debt, and it was not necessary to present the account to the guardian for approval or rejection until an effort had been made to collect from the principal, and action might be brought against both before such presentment.

2. **Insane persons ⬦97—Not necessary to verify account in action against guardian on contract.**

Where suit against principal and the guardian of an insane surety was based upon contract, and an account was merely pleaded to show the amount and value of property purchased, it was not necessary to verify the account.

3. **Evidence ⬦423(8)—Parol evidence admissible to show that party signed contract as surety.**

When a contract does not disclose in what character a party has signed a contract, it may be shown by evidence what his relation to the contract was and that he was a surety.

Error from District Court, Webb County; J. F. Mullally, Judge.

Action by Swift & Co. against J. H. Webber and others. Judgment for plaintiff, and defendants bring error. Affirmed.

S. T. Phelps, of Laredo, and Hicks, Hicks, Dickson & Bobbitt, of San Antonio, for plaintiffs in error.

H. G. Dickinson, of Laredo, for defendant in error.

FLY, C. J. This is a writ of error prosecuted from a judgment for $553.58 obtained by defendant in error against plaintiffs in error, on a petition alleging that defendant in error is a private corporation; that on or about July 16, 1917, J. H. Webber as principal and A. P. Nye as surety, of the one part, and the corporation, of the other, entered into a written contract whereby the corporation sold and delivered to Webber 12 tons of fertilizer at the price of $41.19 per ton, aggregating the sum of $494.28, as appeared from an itemized, verified account attached to the petition; that Nye became insane, and Frances E. Nye was appointed his guardian; and that Webber and the guardian of Nye had refused to pay for the fertilizer. The cause was tried without a jury, and judgment rendered as hereinbefore indicated; it being provided in the the judgment that the judgment as to the guardian be paid in due course of administration of the estate of A. P. Nye. This writ of error is prosecuted by the guardian alone, and she will be referred to hereinafter as the guardian.

The suit was undoubtedly, under the allegations of the petition, based on a contract in writing made by and between Webber and the corporation upon which A. P. Nye was a surety. The account was merely pleaded to show the amount and value of the fertilizer. The first assignment of error is overruled.

[1] The second assignment of error is without merit. It was not necessary, under the facts pleaded, to allege that the account was presented to the guardian for approval. The claim against the estate of A. P. Nye was contingent upon the failure of Webber to pay the debt, and it was not necessary to present the account to the guardian for ap-

---

⬦For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

proval or rejection until an effort had been made to collect from the principal.

"That a contingent claim or one for an uncertain amount should not be presented to an administrator for allowance is well settled." Garrett v. Gaines, 6 Tex. 435; Blum v. Welborne, 58 Tex. 157; Low v. Felton, 84 Tex. 378, 19 S. W. 693; National Guarantee Loan & Trust Co. v. Fly, 29 Tex. Civ. App. 533, 69 S. W. 231; Wells v. Hobbs, 57 Tex. Civ. App. 375, 122 S. W. 451.

[2] The third, fourth, and sixth assignments are overruled. The suit being based upon the contract, and not the account, it was of no consequence whether the latter was properly verified or not. The suit was not on an account presented to a guardian, but on the contract.

[3] The contract was one made between Swift & Co. and J. H. Webber, showing that the latter had bought 12 tons of fertilizer at $41.19 a ton, and was signed by the parties to the contract and A. P. Nye. The evidence tended to show that Nye was a surety on or guarantor of the contract. When a contract does not disclose in what character a party has signed a contract, it may be shown by evidence what his relation to the contract was. The suretyship is collateral to the contract and could be shown by extrinsic evidence. 21 R. C. L. § 25; Ins. Co. v. Nat. Bank, 213 S. W. 685. The fifth assignment of error is overruled.

Jesse Cobb did not swear that Webber was solvent or insolvent, but merely swore that he did not desire to extend credit to him unless Nye signed the contract with him. The evidence was proper to show Nye's connection with the matter. It was permissible to show what relation Nye bore to the contract, and the testimony of Cobb tended to show it. The seventh assignment of error is overruled.

The judgment is affirmed.