`McCARTY et al. v. HUMPHREY et al.*
(No. 462-3992.)

(Commission of Appeals of Texas, Section B. May 21, 1924.)

**1. Accord and satisfaction ⬅8(1)—Agreement without consideration to accept less than whole does not discharge debt.**

A creditor's agreement to receive less than whole debt, not supported by consideration, does not discharge debt.

**2. Accord and satisfaction ⬅1—Dependent on agreement and mutual intent of parties.**

Accord and satisfaction is dependent on agreement of parties, and does not result in absence of mutual intent.

**3. Accord and satisfaction ⬅26(1)—Burden upon him asserting to establish same.**

The burden is upon him asserting an accord and satisfaction to establish same.

**4. Appeal and error ⬅1083(3)—Accord and satisfaction held question of fact, and decision of court of Civil Appeals not disturbed.**

Whether there was an accord and satisfaction held a question of fact as to which the decision of the Court of Civil Appeals would not be disturbed, where it could have been found that no accord and satisfaction was intended.

**5. Accord and satisfaction ⬅1—Mines and minerals ⬅74—Assignment executed by one of lessees to one of lessors held not accord and satisfaction of claim for shortage in acreage or a conveyance of a right of action on claim for shortage.**

An assignment to one of lessors by one of lessees in whose name lease was taken of lessees' rights in all land in excess of the amount shown to exist by their survey held not an accord and satisfaction as to lessees' claim for shortage in acreage, when not so intended, or conveyance of the right of action on such claim to such lessor.

**6. Vendor and purchaser ⬅338—Right of action for deficiency in acreage equitable, and not lost by conveyance of land.**

A vendee's right of action for deficiency in acreage is for money recovery, and lies in equity, and is not lost by the vendee's conveyance of his entire property in the land.

Error to Court of Civil Appeals of Second Supreme Judicial District.

Action by T. D. Humphrey and others against Annie V. McCarty and others. From judgment of the Court of Civil Appeals (251 S. W. 609) reversing a judgment for defendants, they bring error. Affirmed.

Harris & Martin, of Wichita Falls, for plaintiffs in error.

Cook, Spencer & Bailey, of Wichita Falls, for defendants in error.

STAYTON, J. The district court decided in this case that there was an accord and satisfaction under which the defendants

were released from the claim of plaintiffs. The Court of Civil Appeals held to the contrary. ˙ 251 S. W. 609. Whether the decision of that particular point was erroneous is the sole question presented in this court. A somewhat more extended consideration of the record than that afforded with sufficient emphasis by the application for writ of error justifies the conclusion that the judgment of the Court of Civil Appeals is final because dependent upon questions of fact.

The controversy arose by reason of a deficiency in acreage.

In 1919 T. D. Humphrey and several associates obtained from Mrs. Annie V. McCarty and her children an oil and gas lease on some land in Wichita county. The lease purported to cover 217 acres more or less, describing the premises by metes and bounds. The consideration paid by the lessees and received by the other parties was $21,700, which the testimony shows, from the wording of a preliminary contract, and otherwise, was intended to be at the rate of $100 an acre.

After the transaction was closed and the money had passed, the lessees had a survey of the property made, and discovered from it that, instead of 217 acres, there were only 131.4 acres in the tract that was covered by their lease, leaving a deficiency of 85.6 acres. On account of this deficiency the lessees made demand upon the lessors for the return of a proportionate part of the consideration that had been paid them, at the rate of $100 an acre; that is, for the return of $8,560. A repayment was effected as a result of this demand, but in the sum of $6,520 only. Thereafter, all of the associates, excepting one presently mentioned, brought this suit against all of the lessors for the balance of the amount claimed to be due on account of the deficiency; that is, for $2,040.

The defendants presented a plea in abatement as to certain minors amongst them, and pleaded in bar to the effect that there had been an accord between the parties, and that, under it, the $6,520 was not a mere payment, but was a satisfaction, and that therefore the plaintiffs should not recover anything.

The trial court sustained the plea in abatement, thus dismissing as to several of the defendants; and rendered judgment that the plaintiffs take nothing against the rest of the defendants. This latter judgment was based upon the district judge's findings to the effect that there had been an accord and satisfaction as between the parties.

The judgment, as stated, was reversed by the Court of Civil Appeals upon the ground that the evidence showed no accord and satisfaction, in that it showed no intention to effect that end, and no consideration whereby the payment of the lesser amount could have that result.

Preliminary to a discussion of the question presented in this court, and by way of restricting it to its actual scope and of ex-plaining the meaning of what will be said, several observations become necessary. It was assumed below, and is not challenged in any way, that all the parties acted through one or more representatives. This assumption will be indulged at this time, and the parties referred to as if all were present at the negotiations which are involved in the case. The Court of Civil Appeals held that the plea in abatement as to the minors was correctly sustained. The parties are acquiescing in this holding, and it will not be disturbed. The record may or may not present some question as to whether the lease was made by the acre or in gross, but, as neither of the courts below concluded that relief was closed to plaintiffs on the latter theory, and as there is no complaint here involving the point, it will not be further investigated. The parties all seem to accept the measure of damages as being certain in amount as of the time when the shortage was discovered. There seems to have been no dispute as to that. The only dispute (if such it was) appears to have arisen over a payment to a real estate agent presently explained.

[1] In examining the question of whether or not the decision of the Court of Civil Appeals was correct, it will be well first to quote, and at the same time to concur in, the following rule as stated by that court:

˙ "It is well settled, elementary in fact, that an agreement, not supported by a consideration, for a creditor to receive a less sum than the whole, will not discharge the debt. Lanes v. Squyres, 45 Tex. 382, 385."

[2] To this may be added the equally elementary principle that accord and satisfaction, being dependent upon agreement, only occurs where the parties mutually assent to it. There intention is a controlling element. In such a transaction "there can be no agreement expressed or implied when both parties have no intention to make it, or when one has but the other has not." Railway v. Gordon, 70 Tex. 85, 7 S. W. 697.

While other rules pertaining to the subject under discussion are suggested and might be properly examined, it is thought that the foregoing, when applied to this case, demonstrate that the Court of Civil Appeals reached a decision that cannot be disturbed by the Supreme Court; no conclusive evidence appears to establish an assent of the parties to an agreement that the amount repaid by defendants was in full satisfaction of plaintiffs' entire claim; nor to establish a consideration for such an agreement.

An examination of the statement of facts discloses that a court or jury could reasonably have found that the evidence established the following case:

At the time defendants returned the $6,-420, representing $75 an acre for the deficiency, there was a distinct understanding that plaintiffs' part of the balance of $25 an

(261 S.W.)

acre would be repaid. The one of plaintiffs' associates who, as already stated, did not become a plaintiff in the suit, waived his one-fifteenth interest in the $25 an acre in order to induce defendants to agree to repay fourteen-fifteenths of that sum to the rest of the associates (who did become plaintiffs). The agreement was made on that basis. (And, necessarily, in any recovery by plaintiffs, this one-fifteenth interest would have to be deducted, if the testimony remains the same.) No one of the plaintiffs ever consented to take less than the full $100 an acre, and all thought when they received the smaller amount that it was in part payment. It was not the intention of any of the plaintiffs to receive the payment that was made as a satisfaction of the whole.

On the date of this payment the defendants failed to include the balance due in order to have time to endeavor to obtain or recover that amount from a real estate agent to whom they had given a like amount when the original lease was executed and sold as compensation for his services in their behalf.

The partial payment to plaintiffs was made by a check, on the margin of which was a notation reading, "for lease from T. D. Humphries." (It is significant and important that this check did not have upon it some such notation as "in full" or "in full for all claims.")

For convenience the original lease had been taken in the name of T. D. Humphrey. On the date of the check, by a written assignment, presently to be noticed, T. D. Humphrey transferred all of the acreage covered by the lease, outside of the 131.4 acres that the survey had disclosed to be in it, to one of the defendants, on the request of the latter, whose purpose was that he desired to obtain a refund of taxes on the basis of it, or, it may be, a reimbursement from whomever was responsible for the shortage, presumably the defendants' vendor. One or both of these constituted the sole purpose for which the assignment of a part of the lease was made.

[3, 4] While the foregoing conclusions do not represent the only reasonable inferences that may be drawn from the testimony, they do represent one view of the evidence that reasonably arises; and, upon adding this view to the observation that the burden of proof was upon the defendants to establish their affirmative defense of accord and satisfaction, and that none of them, though all appear to have been present at the trial, took the stand or offered evidence to rebut plaintiffs' testimony, no conclusion seems to be open but that the solution of the matter now before the court involves, at least, questions of fact, and that the decision of the Court of Civil Appeals that no agreement of accord and satisfaction was effected because of a lack of intention to that end and of want of consideration as well cannot now be disturbed. Railway Co. v. Gordon, 70 Tex. 85, 7 S. W. 695; G. C. & S. F. Ry. Co. v. Har-

riett, 80 Tex. at page 80, 15 S. W. 556; Daugherty v. Herndon, 27 Tex. Civ. App. 175, 65 S. W. 891.

It should be added that, although the strongest inference that may be contended to arise in favor of defendants be drawn from the evidence—an inference that the triers of fact were not forced to indulge—the case would still seem to lack a conclusive showing of accord and satisfaction. It could have been found from the evidence that the defendants, having at first refused to pay anything, finally paid $6,420, protesting that the plaintiffs ought to look to the real estate agent, already mentioned, for the balance, and the plaintiffs, on their hand, protesting that the defendants ought to pay the full amount and themselves collect what they desired or could get from the agent, who had been employed by them. This, if granted, did not establish a conclusive case of accord, because of the lack of a conclusive showing of mutual assent to that effect. The reference to the real estate agent was not such as that every reasonable man would have considered it a term of the payment. It could have been regarded by both the plaintiffs and the Court of Civil Appeals, if indeed it was not so regarded by defendants themselves, as the mere expression of the moral sentiments of the parties. It could reasonably have been viewed as something less than "a condition" of the payment, as in Railway Co. v. Gordon, 70 Tex. 85, 7 S. W. 695, and as subject to the doctrine expressed in the same case that before a right will be deemed to have been surrendered under an implied accord "the implication must be one necessarily arising."

As stated, the Court of Civil Appeals was not bound to indulge either the inference above mentioned or to give to it the legal effect of mutual assent, especially in the light of the positive and undisputed testimony on the part of all of the witnesses who testified, to the effect that the plaintiffs had no intention of accepting the money in satisfaction of their claim.

[5] The effect of the written assignment that has already been mentioned will be further considered. The circumstance of this assignment, on first thought, might be deemed advantageous to defendants. They appear to contend that it barred plaintiffs' suit, in that it established a case of accord and satisfaction, or else that, by virtue of it, one of the defendants became the owner of plaintiffs' right of action.

It has already been observed that this paper did not establish a conclusive case of accord and satisfaction because there was no unequivocal showing that it was intended by the parties to have that effect. There was no testimony of such an intention, the instrument itself does not express or suggest it, and the circumstance of its having been executed is consistent with testimony in the record to the effect that the subject-matter

of the assignment was worthless to plaintiffs, and was given to defendants as an accommodation.

On the other hand, to say that the transfer was, as defendants assert, an alienation of plaintiffs' right of action is inadmissible.

[6] The right of action of a vendee, or of one in an analogous position, that arises by reason of a deficiency in acreage, is for a money recovery on the ground of mistake or fraud, and lies in equity and not upon any principle or rule of law; it is not to enforce any of the wording of the conveyance, but is to show the untruth of the wording. It is not upon a warranty nor for the recovery of any appurtenance to or interest in land. It is not dependent upon a continued ownership of the subject-matter of the conveyance. The vendee may convey away his entire property in the land, and still his cause of action for equitable relief remains with him. Even were the right of a legal nature, it would not follow the title to the realty, but would be entirely personal in its nature and operation. The vendee being the only person who suffers from a deficiency in acreage, the right of action rightly remains in him. Smith v. Fly, 24 Tex. 345, 76 Am. Dec. 109; Franco, etc., Co. v. Simpson, 1 Tex. Civ. App. 600, 20 S. W. 953; Miller v. Winchell, 70 N. Y. 437; Linton v. Armstrong Water Co., 29 Pa. Super. Ct. 172; Corning v. Troy Iron, etc., 39 Barb. (N. Y.) 322.

It is concluded that the assignment did not have the effect of transferring plaintiffs' right of action to other hands; and, from this and what has been previously said, it is considered that the question of whether or not there was an accord and satisfaction is, in the present case, at most, a question of fact, as to which the conclusions of the Court of Civil Appeals are final.

We recommend that the judgment of the Court of Civil Appeals be affirmed.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.