## PAVELKA et al. v. OVERTON.
### No. 3746.

Court of Civil Appeals of Texas. Amarillo.
Feb. 27, 1932.

Rehearing Denied March 16, 1932.

Vickers & Campbell, of Lubbock, for appellants.

Bean & Klett, of Lubbock, for appellee.

RANDOLPH, J.

In cause No. 3268, M. C. Overton, as plaintiff, sued appellants as defendants for $378, with interest. According to the plaintiff's petition herein, said debt arose by reason of the following transaction: Plaintiff and defendants (appellants) exchanged lands, and each of their separate tracts was under incumbrance. Defendants' lands were in Hale county, Tex., and were represented to be incumbered in the sum of $3,100.60, but, as a matter of fact, it was incumbered for $3,478.60, causing plaintiff to obligate himself to pay the difference of $378, the amount for which he sues, and plaintiff further alleged "that said money was paid through a misunderstanding and oversight of all the parties thereto and by mutual mistake the plaintiff paid an excess of $378.00."

Plaintiff's allegations in this connection show that he purchased the lands from defendants "through regularly passed probate court proceedings," and further that he conveyed to defendants, who were minors, blocks Nos. 2 and 3 of the Suburban Homes addition to the town of Lubbock, at the time the latter conveyed him their Hale county land, and since "the title to the Hale County land has failed to the extent aforesaid, because of said mistake, plaintiff has a lien upon said blocks 2 and 3 in Lubbock County to secure said over-payment and breach of covenant to the extent of $378.00, and interest." Plaintiff also alleges demand for reimbursement of the appellee by the appellants and their refusal to pay, and therefore he was entitled to a lien on said blocks of land that he had conveyed them to satisfy such debt or over-payment, and prayed for judgment accordingly.

In said cause No. 3268, the trial court rendered judgment by default in favor of the plaintiff—finding that all of the defendants, including their guardian, Mrs. Annie Pavelka, and her husband, Frank Pavelka, had been duly served with citation; that all the defendants had failed to appear, but had defaulted, and the court appointed a practicing attorney at that bar as guardian ad litem and attorney ad litem to represent the minor defendants, and, said guardian and attorney ad litem having appeared and answered for said minors, a jury being waived and all matters of fact as well as of law being submitted to the court, the court found on the facts for the plaintiff, and rendered judgment for him in the sum of $450 and interest and costs of suit and for a foreclosure of a vendor's lien upon blocks 2 and 3 of the Suburban Homes addition to the town of Lubbock, in Lubbock county Tex., and that order of sale issue foreclosing same.

The suit at bar, numbered 4631 on the docket of the district court of Lubbock county, was filed by the defendants in said judgment No. 3268, to set aside and cancel that judgment and to enjoin an execution or order of sale issued under and by virtue of the above judgment No. 3268.

A further statement of the case will be understood from our discussion of the law questions presented for our decision.

The appellants' propositions or points upon which the appeal is predicated are as follows: (1) That the district court of Lubbock county had no jurisdiction to try cause No. 3268 to impeach, revise, or correct "the regularly passed probate proceedings" of the county court of Floyd county and the relief prayed for therein and granted by the court necessarily having that effect. (2) Cause No. 3268 in the district court of Lubbock county, being an independent suit to recover on a claim for debt against the minor defendants and their guardian, as such, could not be

maintained, plaintiff not alleging therein that he presented an authenticated claim to the guardian which the latter rejected, and, further, that he brought his suit within ninety days after its rejection. (3) Cause No. 3268, being a claim for debt arising out of his purchase of land from minor defendants by "regularly passed probate proceedings" wherein he alleged a mutual mistake of overpayment of the consideration to be paid in the sum of $378, was clearly a claim against the estate of the minors which had to be presented to their guardian for allowance or rejection, and, if same was rejected, he could only sue within the time required by law and in the probate court of Floyd county, Tex. (4) The personal judgment in cause No. 3268 against Mrs. Annie Pavelka being admittedly erroneous, it was the duty of the trial court to set aside and cancel such judgment and the order of sale or execution issued thereon and not to grant the plaintiff, Overton, further relief without his pleadings and evidence entitled him thereto. (5) The judgment with foreclosure of the vendor's lien against the minors' land with an order of sale directed to be issued was erroneous, in that in any event such judgment should have been certified to the probate court of Floyd county for observance and administration and to be paid out of the minors' estate.

Supporting these various propositions, appellants cite articles 1995, 3530, and 4108 of the Revised Civil Statutes of 1925. Also Hare v. Reily (Tex. Civ. App.) 269 S. W. 473, 475; Id. (Tex. Com. App.) 280 S. W. 543; Humphrey v. McCarty (Tex. Civ. App.) 251 S. W. 609; Id. (Tex. Com. App.) 261 S. W. 1015; Whitmire v. Powell (Tex. Civ. App.) 117 S. W. 433; O'Rear v. Simer (Tex. Civ. App.) 281 S. W. 1099; Western Mtg. & Inv. Co. v. Jackman, 77 Tex. 622, 14 S. W. 305; Ralston v. Stainbrook (Tex. Civ. App.) 187 S. W. 413; Askey v. Power (Tex. Civ. App.) 21 S.W.(2d) 326.

As answers to all of appellants' propositions, the appellee says that, since cause No. 3268 was not a suit to revise, impeach, or correct regularly passed probate proceedings, but was a suit equitable in its nature, to establish and foreclose an equitable lien on land, the district court, and not the probate court, had the jurisdiction; since said cause No. 3268 was not an independent suit for a debt against minors and their guardian, but was an action equitable in its nature to establish and foreclose an equitable lien on land, it was therefore not necessary to the jurisdiction of the district court that appellee allege and prove that he had presented the guardian his authenticated claim, and that same was rejected within ninety days before the filing of said suit.

The other counter propositions of appellee are covered substantially by those set out above, and, as our holding will be adverse to appellants' contentions, we will not quote such counter propositions further.

The appellee's answer sets out in detail the transaction whereby the exchange of land was effected and that by a mistake of the parties he was compelled to pay the sum sued for in excess of the transfer value of each tract agreed on.

The probate court of Floyd county had no equitable jurisdiction to adjust the matters between the parties. That court had no jurisdiction to establish an equitable vendor's lien upon the blocks of land sold by the appellee to appellants, and could not foreclose such equitable liens.

In the case of Weeks v. Goldstein (Tex. Civ. App.) 288 S. W. 540, 541, it is held:

"In so far as the estate of Van Gass was interested in the subject-matter of the litigation and the relief granted by the judgment to the defendants in error against said estate, the district court had jurisdiction because of the necessity of bringing before the court all parties at interest and adjusting their equities and determining their respective legal rights. This is clearly a case where the county court was without power to determine and fix the conflicting rights of the parties. The jurisdiction of the district court thus attached for all purposes."

"It seems to be well settled that the district court may, in cases where the claimant has some legal or equitable rights connected with his claim for the adjudication of which the powers of the probate court are inadequate, as in the present case, maintain such action against proper parties, but only in such cases can such suits be brought in the district courts." Bartholomew v. Bartholomew (Tex. Civ. App.) 264 S. W. 721, 724.

Again, in the case of Stanfill v. Penniman Gravel & Material Company (Tex. Com. App.) 27 S.W.(2d) 135, 136, it is said: "Plainly the district court, and not the probate court in which the administration of said estate is pending, had jurisdiction to determine the question of superiority of the defendants in error's respective claims against Hutton, over the claim asserted by the administratrix of the Stanfill estate, and to render judgment accordingly."

Also, in the case of Stewart v. Webb (Tex. Civ. App.) 156 S. W. 537, 538, the court lays down the rule to be: "We think it is clear from the authorities in this state that, if the probate court is unable to administer the rights of the parties where they are so correlated to the cause of action as that the district court would be the proper forum for the administration of the remedies as affecting the different and conflicting rights of the parties, the probate court would be devoid of jurisdiction, and that of the district court would attach."

In Lauraine, Administrator, v. Ashe, 109 Tex. 69, 191 S.W. 563, 565, 196 S. W. 501, the Supreme Court holds: "Jurisdiction for the transaction of 'all business appertaining to deceased persons, * * * including the settlement, partition and distribution of estates of deceased persons,' is by the Constitution conferred upon the County Court in broad and general terms. But the equity jurisdiction of the District Court is conferred by the same instrument in terms equally broad."

11 Texas Jur. pp. 781, 782, states the rule in these words: "The jurisdiction of the Probate Court is considered in a later article. Here we may mention, however, the obvious principle that when a matter is within the exclusive cognizance of a Probate Court, another court may not exercise jurisdiction. On the other hand, there are many proceedings which relate to estates of deceased persons which are not deemed to be matters of probate, as, for instance, cases involving the title to land, and the title to personal property. In these cases, the usual rules of jurisdiction apply. Thus, where one claims title adversely to an administrator or a guardian, the District Court has jurisdiction."

██ We therefore hold that the district court had jurisdiction of the matters involved in the judgment in cause No. 3268, and such court having jurisdiction of the case, had the power to set aside that portion of the judgment in said cause No. 3268 which adjudged a personal judgment against the appellant Mrs. Pavelka, who was only the guardian of the minors. If this correction was not warranted by the appellee's pleading, it was certainly warranted by appellants' pleading.

We therefore affirm the judgment of the trial court.