**R. L. WHITE CO. v. STOUT et al.**

No. 9907.

Court of Civil Appeals of Texas. San Antonio.

Feb. 3, 1937.

Rehearing Denied March 17, 1937.

Hill & Uhl, of San Antonio, for appellant.

Russell & Beaucaire and Pfeiffer & Sanders, all of San Antonio, for appellees.

MURRAY, Justice.

This suit was instituted in the Seventy-Third district court of Bexar county, by R. L. White, doing business under the trade-name of R. L. White Company, against F. D. Stout, individually and as administrator of the estate of J. C. Stout, deceased, Isabell B. G. Russell, a feme sole, and Wm. H. Russell and R. P. Boardman, as independent executors of the estate of R. H. Russell, deceased, to recover upon assignable certificate of special assessment No. 22707, which had been theretofore prorated as a charge against lots 21 and 22, in New City Block 6541, amounting to $165 and interest.

The facts are undisputed and show that said lots 21 and 22 were incumbered by a deed of trust lien for the sum of $2,500. At the time the paving lien was established, F. D. Stout was the owner of lots 21 and 22, and therefore personally liable for the amount due under the paving lien. F. D. Stout sold these lots to J. C. Stout, who assumed payment of the deed of trust note, but no mention was made in the deed of the paving lien. Afterward J. C. Stout died and F. D. Stout was appointed, by the probate court of Bexar county, as administrator of the estate of J. C. Stout, deceased. While the administration was pending, R. L. White Company, holder of the paving lien certificate, filed suit against F. D. Stout, individually and as such administrator, seeking to recover a personal judgment against F. D. Stout, individually, for the amount of the certificate, and a foreclosure of the lien against lots 21 and 22; said lots being a part of the estate of J. C. Stout, deceased. R. L. White Company never, at any time, filed a claim with the administrator as to its lien against the lots. The probate court of Bexar county ordered the lots sold to satisfy the debts secured by the deed of trust and they were purchased by Mrs. Isabel B. G. Russell and the estate of R. H. Russell, deceased. The purchasers of these lots, who had due notice of the pendency of R. L. White Company's suit, were then made par-

ties to this suit and a foreclosure as to them was sought by White Company.

At a trial in the district court, before the judge without the intervention of a jury, judgment was rendered denying White Company any recovery whatever, and from that judgment White Company has prosecuted this appeal.

■ The first question presented is whether or not the trial court committed error in denying a personal judgment against F. D. Stout. We conclude that appellant, R. L. White Company, was entitled to judgment against F. D. Stout individually, for the full amount of the paving certificate, as he was the owner of the lots at the time the paving lien was fixed and as J. C. Stout did not assume this lien when he purchased from F. D. Stout. There can be no question about the personal liability of F. D. Stout, and judgment should have been rendered against him in his individual capacity.

The next question presented is whether or not the district court had jurisdiction to establish and foreclose the paving lien against the lots, in view of the fact that no claim had ever been presented to the administrator of the estate and allowed or rejected by him.

■ The general rule governing such matters is well expressed in Ralston v. Stainbrook (Tex.Civ.App.) 187 S.W. 413, as follows: "The district courts have no jurisdiction of suits against the estates of deceased persons pending administration, unless the claim is for such an amount as would give such court jurisdiction, and not then unless such claim has been first presented to and rejected by the administrator, or unless the claimant has some legal or equitable right connected with his claim for the adjudication of which the power of the probate court is inadequate."

■ It is here suggested that this was not a claim for money, such as is referred to in article 3514, R.C.S.1925, but is only a claim for a lien against lots 21 and 22, belonging to the estate, as J. C. Stout did not assume the payment of the paving certificate.

This very question is clearly stated and definitely decided by Gaines, C. J., in Whitmire v. May, 96 Tex. 317, 72 S.W. 375, 376, in the following language: "The statute provides that claims against an estate shall be sworn to and presented to the administrator in the first instance. Rev.St. art. 2072 [now article 3514, R.S.1925]. Until this is done, the creditor has no standing in the probate court. The form of the affidavit indicates, in some measure, that this was intended to apply to claims owed by the decedent. But when a mortgagor has sold the property subject to the lien, and the vendee has not assumed the mortgage, the latter does not owe the debt. It is a mere incumbrance on a specific piece of property. But since it is held that the mortgagee must proceed in the probate court to enforce his lien, it must follow that he has the right to make oath to his claim, not as a claim against the entire estate, but as a claim against a specific part thereof, and to have it allowed and approved or otherwise established as provided by law."

This leaves the one remaining question of whether or not R. L. White had such legal or equitable right connected with his claim for the adjudication of which the power of the probate court is inadequate. It is first contended that White was entitled to a personal judgment against F. D. Stout, which the probate court was without jurisdiction to give. This White could have secured in a suit without joining the estate, and if his claim for a lien against the lots had been presented to and allowed by the administrator and the probate court, he would have had a judgment as binding and effective as any judgment he could have secured in any other court. It is also contended that the administrator might have desired to sue F. D. Stout, individually, on his warranty; but this is a matter in which White had no interest, and the anticipation of this matter was not such an equity as would deprive the probate court of its jurisdiction in the matter of claims against the estate.

■ White had no right to enforce his lien against the lots after they had passed into the hands of the purchasers at the administrator's sale, who sold them free from all liens except tax liens.

The trial court properly held that the district court, under the facts in this case, had no jurisdiction to establish and foreclose a lien against the lots belonging to the estate of J. C. Stout, which was, at the time the suit was filed, being administered by the probate court of Bexar county.

The judgment will be reversed in so far as it denies a recovery against F. D. Stout, and judgment here rendered that appellant recover against F. D. Stout, personally, the sum of $231.09 (being the amount of principal and accrued interest due on the paving

certificate on the date of the judgment) together with interest at the rate of 7 per cent. per annum from September 24, 1935, until paid. In all other respects the judgment of the trial court is affirmed. No attorney's fees will be allowed, as the stipulation as to attorney's fees contained in the record does not provide for same in the event only a personal judgment against F. D. Stout is recovered.

Reversed and rendered in part; affirmed in part.